```
        FILED ____ LODGED
        _____ RECEIVED
            APR 28 2015
         CLERK U.S. DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON AT TACOMA
     BY                              DEPUTY
```

Magistrate Judge J. Richard Creatura

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>                    v.<br><br>BRADFORD JONES,<br><br>                    Defendant. | NO. MJ15-5061<br><br>**COMPLAINT FOR VIOLATIONS**<br><br>Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C); and Title 18, United States Code, Section 2 |

BEFORE, the Honorable J. Richard Creatura, United States Magistrate Judge, Tacoma, Washington.

## COUNT 1

### (Possession of Methamphetamine and Heroin with Intent to Distribute)

On or about April 8, 2015, at Kelso, Cowlitz County, within the Western District of Washington, BRADFORD JONES knowingly possessed, and did aid and abet the possession of, with intent to distribute, methamphetamine and heroin, controlled substances under Title 21, United States Code, Section 812.

The United States alleges that the offense involved fifty (50) grams or more of a mixture and substance containing methamphetamine.

COMPLAINT - 1
*UNITED STATES v. BRADFORD JONES*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and Title 18, United States Code, Section 2.

And the Complainant states that this Complaint is based on the following information:

## BACKGROUND

1. I, Errin Jewell, am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so employed since November 1999. In that capacity, I investigate violations of the Controlled Substances Act (Title 21, United States Code, Section 801, et seq.). I am currently assigned to the Seattle Field Division, Tacoma Resident Office. I have completed DEA Basic Agent Training, Complex Investigations and Conspiracy School, Advanced Agent Training, and other various courses, which have familiarized me with investigations of drug trafficking organizations, methods of importation and distribution of controlled substances, and financial investigations. In addition, I have participated in over 300 criminal investigations, and over 500 search warrants, involving organizations trafficking in controlled substances and, as a result, have an understanding of the manner in which narcotics are distributed and the various roles played by individuals and groups in their distribution. I have additionally participated in numerous complex investigations involving organized crime and large-scale drug trafficking organizations.

2. The information contained herein does not contain all information known to your affiant and fellow law enforcement officers, but contains the facts necessary to establish probable cause for the arrest of BRADFORD JONES for possession with intent to distribute methamphetamine and heroin, on or about April 8, 2015, in Cowlitz County, Washington, within the Western District of Washington. I do not purport to summarize

COMPLAINT - 2
*UNITED STATES v. BRADFORD JONES*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

all of the evidence gathered during the course of this investigation, nor does it include all facts known to myself or other agents/detectives involved with this investigation. I know the facts set forth in this affidavit as a result of my personal participation in the investigation, my conversations with other law enforcement personnel participating in this and related investigation, my prior experience investigating BRADFORD JONES and my review of relevant documents. I have obtained and read reports prepared by various law enforcement officers participating in this investigation and in the other investigations discussed, or spoken with the officers. My reference to information from "law enforcement" means that an agent or officer has supplied the information to me, orally or in writing.

## CONFIDENTIAL SOURCES

3.     The Cowlitz-Wahkiakum Narcotics Task Force (CWNTF) signed up a confidential source, hereinafter referred to as "CS," in March 2015. The CS agreed to provide information to develop probable cause for individuals selling controlled substances in Cowlitz County, Washington, in exchange for leniency in a criminal matter he/she is involved in. The CS was aware that if the information provided to law enforcement was inaccurate, he/she will not receive any consideration and will no longer be used as a CS or receive prosecutorial considerations for the CS's pending criminal matter. The CS demonstrated to law enforcement that he/she had knowledge of controlled substances by detailing his/her own involvement with controlled substances, specifically methamphetamine. The CS further confirmed his/her knowledge about the controlled substances market, quoting accurate prices for certain quantities and knowledge of the weights and amounts that controlled substances are typically sold in. The CS told law enforcement about his/her previous experience with purchasing controlled substances in the past. The information provided by the CS was corroborated

COMPLAINT - 3
UNITED STATES v. BRADFORD JONES

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

through law enforcement databases, debriefings, records checks, and intelligence gathered from other law enforcement agencies. The CS further provided law enforcement with information against his/her own penal interest, including providing law enforcement with methamphetamine during an interview.

## INVESTIGATION

4.   As noted above, in March 2015, detectives from the CWNTF developed a CS, who agreed to cooperate with law enforcement for prosecutorial considerations. The CS told investigators about an African-American adult male, known to the CS as BRADFORD JONES, who was selling ounce quantities of methamphetamine in Cowlitz County, Washington. The CS identified a photograph of BRADFORD JONES from a law enforcement database as the same person known to the CS. Additionally, the CS led investigators to the residence of BRADFORD JONES, located at 910 Coweeman Lane, Kelso, Washington. It was also brought to the attention of law enforcement that BRADFORD JONES was under the supervision of U.S. Probation and the Washington State Department of Corrections, stemming from prior state and federal drug convictions. Based upon that information, your Affiant coordinated with the appropriate Probation Officer(s) and the United States Attorney's Office. With their concurrence, the CWNTF proceeded with the investigation of BRADFORD JONES.

5.   On or about April 3, 2015, the CS notified CWNTF Detectives that he/she could make a controlled purchase of methamphetamine from BRADFORD JONES. Later that date, detectives met with the CS and searched the CS along with his/her vehicle for contraband with negative results. The CS was then provided with pre-recorded CWNTF funds and was equipped with an audio recording device.

COMPLAINT - 4
UNITED STATES v. BRADFORD JONES

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

6. As Detectives were meeting with the CS, CWNTF Detectives conducting surveillance at BRADFORD JONES' residence on Coweeman Lane, observed JONES depart from the residence in a white Acura, registered to BRADFORD JONES. Surveillance officers followed BRADFORD JONES to the agreed meet location. JONES' Acura had been observed by CWNTF Detectives parked in front of his residence on numerous occasions during the month of March 2015 and early April 2015. On April 3, 2015, while under the control of law enforcement, the CS met with BRADFORD JONES in Kelso, Washington, where the CS purchased approximately an ounce of suspected methamphetamine with the pre-recorded funds. The suspected methamphetamine was subsequently field-tested for the presence of methamphetamine with positive results. Following the controlled buy, the CS was followed to a pre-determined location, where the CS handed over the suspected methamphetamine and detectives recovered the recording device. The CS and his/her vehicle were then searched for contraband with negative results. Following the controlled buy, BRADFORD JONES was followed by detectives as he drove back to the area of his residence, where his vehicle was later observed parked in front of his residence.

7. Based upon the investigation by the CWNTF, Detective Phil Thomba applied for and was granted a State search warrant for BRADFORD JONES' residence by Cowlitz County Superior Court Judge David Koss, which authorized officers to search the residence of BRADFORD JONES at 910 Coweeman Lane, Kelso, Washington. However, on or about April 3, 2015, CWNTF Detectives learned BRADFORD JONES had an appointment with the Washington State Department of Corrections (DOC) on April 8, 2015. According to the DOC, BRADFORD JONES had failed to report to his community corrections officer and was in violation of his release.

COMPLAINT - 5
UNITED STATES v. BRADFORD JONES

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

8. Consequently, on April 8, 2015, when BRADFORD JONES reported to the DOC (and after speaking with his Probation Officer), he was placed under arrest by DOC Officers. As JONES was being searched incident to his arrest by DOC Officers, $643 in U.S. currency was located in his pants pocket, along with what appeared to be a key to a safe. CWNTF Detectives then advised JONES that he had been arrested for the controlled delivery of methamphetamine. CWNTF Detectives also informed JONES that they would be conducting a search warrant at his residence on Coweeman Lane, to which JONES stated, "I don't live there." CWNTF Detectives then advised JONES of his *Miranda* rights, which were read from a department-issued *Miranda* Warning card.

9. After waiving his *Miranda* rights, BRADFORD JONES agreed to answer questions from law enforcement and made statements to detectives, during which he admitted to dealing drugs and purchasing narcotics from a Hispanic source of supply. During the questioning, JONES admitted to recently purchasing one-half pound of heroin from his source of supply, stating that he pays $5,500 for one pound of heroin. Following his arrest, JONES' white Acura was impounded and subsequently seized by the CWNTF under State forfeiture laws.

10. As detectives were interviewing BRADFORD JONES, officers executed the State search warrant at his residence. Upon entering the residence, detectives encountered JONES' girlfriend, C.R. During questioning, C.R. admitted to being involved in drug trafficking, but only did as JONES' had directed her to do. After initially refusing to tell law enforcement where JONES kept his drugs within the house, C.R. pointed out a box on the kitchen floor that had a black jacket over it. Detectives lifted the jacket and found a small black zippered bag, inside of which detectives located three baggies of suspected methamphetamine. The suspected methamphetamine weighed approximately 235 gross grams (a little over eight ounces, or roughly half a pound), and it was subsequently field-

COMPLAINT - 6
*UNITED STATES v. BRADFORD JONES*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

tested for the presence of methamphetamine with positive results. Additionally, detectives located a digital scale and drug packaging material in the same bag. C.R. also acknowledged that her fingerprints would be on the drug packaging and added that JONES had made her test the methamphetamine when he bought it earlier that date.

11. When questioned about the vehicles at the house, C.R. stated that BRADFORD JONES had purchased his Acura and another vehicle with legitimate funds, but had paid $13,000 in drug proceeds for the Chevrolet Tahoe as a gift to C.R. These funds were from the sale of drugs, as neither of them were currently employed. In addition to the drugs, scale, and packaging material, detectives seized $2,550 cash that was in JONES' dresser drawer. C.R. further told detectives that JONES usually keeps the drug money with him at all times, as he does not trust anyone. C.R. also added that JONES usually keeps the drug money in a small safe, which he normally keeps in the trunk of his Acura.

12. Subsequent to the search of BRADFORD JONES' residence, detectives conducted an inventory of JONES' white Acura. When detectives opened the locked glove box, they located a digital scale and small amounts of suspected heroin (approximately 7.8 gross grams) and methamphetamine (approximately 15.5 gross grams). These items were subsequently field-tested for the presence of heroin and methamphetamine, with positive results for each. Inside of the trunk of the Acura, detectives located a black backpack containing a heavy object. The backpack was secured at the CWNTF office and another State search warrant was obtained on April 9, 2015, as authorized by Cowlitz County Superior Court Judge David Koss. During the search of the backpack that same day, officers located a small Sentry brand safe. Utilizing the safe key that was located on BRADFORD JONES' person at the time of his arrest, detectives opened the safe and located $15,330 along with approximately 45.8 gross grams of methamphetamine and 49.8 gross grams of suspected heroin.

COMPLAINT - 7
*UNITED STATES v. BRADFORD JONES*

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

13. Following BRADFORD JONES' arrest on State drug charges, he was placed in the Cowlitz County Jail. Additionally, a federal arrest warrant was issued for JONES for violation of his supervised release. It is anticipated that the Cowlitz County drug charges will be dismissed in lieu of federal prosecution.

## CONCLUSION

14. Based upon the facts set forth in this affidavit, your Affiant believes that there is probable cause to charge BRADFORD JONES with possession with intent to distribute heroin and methamphetamine, both schedule I narcotics, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

ERRIN P. JEWELL, Complainant
Special Agent, DEA

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offenses set forth in the Complaint.

DATED this 28th day of April, 2015.

J. RICHARD CREATURA
United States Magistrate Judge

COMPLAINT - 8
UNITED STATES v. BRADFORD JONES